IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CRAIG LEE MILLER,

                                  Plaintiff,

v.

KENNETH MORGAN,

                                  Defendant.

ORDER

12-cv-640-wmc
_____

      Craig Lee Miller, a prisoner incarcerated at the Oshkosh Correctional Institution, has filed a pleading using this court's 42 U.S.C. § 1983 complaint form, which seeks over $6 billion in damages for being wrongfully confined by the Wisconsin Department of Corrections since 1997. Despite paying the $350 filing fee, Miller's complaint does not contain factual allegations describing the circumstances behind his allegedly wrongful incarceration. Instead, Miller states that he "assert[s] a plea of res judicata against the defendant" based on his earlier habeas corpus proceeding in this court, Case No. 02-cv-96-bbc, and is entitled to judgment as a matter of law. Miller has followed up with several motions asking for judgment along similar grounds. After screening Miller's complaint under 28 U.S.C. § 1915A, the court will dismiss the case as frivolous.

      In order to prevail in a civil rights action stemming from a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the United States Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994) that a plaintiff must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order,

1

declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id*. at 486-87. If a judgment in favor of the plaintiff under 42 U.S.C. § 1983 would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed under *Heck* unless the plaintiff can demonstrate that the conviction or sentence has already been so invalidated. *Id.*

Miller apparently hopes to meet the *Heck* threshold by alleging a belief that he was exonerated in Case No. 02-cv-96-bbc. This belief is, however, entirely unfounded. The court dismissed Miller's petition for writ of habeas corpus in that case as untimely. Thus, Miller has no basis for bringing a § 1983 claim. Since then, Miller has attempted to litigate the dismissal of that petition and seek billions of dollars in damages for wrongful incarceration in several venues, all to no avail. *See Miller v. Morgan*, 467 Fed. Appx. 512, 513 (7th Cir. 2012); *Miller v. Wisconsin*, 308 Fed. Appx. 1, 2 (7th Cir. 2008); *Miller v. Morgan*, Case No. 02–cv–0096–bbc, 2009 WL 426233, at *1 (W.D. Wis. Feb.19, 2009); *Miller v. Morgen*, No. 02–cv–0096–jcs, 2008 WL 4300925, at *1 (W.D. Wis. Sept. 17, 2008); *Miller v. Morgan*, 04–C–1137, 2005 WL 1364507, at *3 (E.D. Wis. June 7, 2005). The only result of this litigation is Miller has "struck out" under the Prison Litigation Reform Act and has been sanctioned by this court.

In a February 18, 2009, order authored by District Judge Barbara Crabb in Case No. 02-cv-96-bbc, the court stated:

> As I noted in the November 4, 2008 order, judgment was entered dismissing petitioner's case in its entirety on April 3, 2002. This means that there are no

>outstanding issues remaining for adjudication, as petitioner appears to believe. The 2002 petition that he filed in this court has been decided and affirmed on appeal. The case is completely over. Petitioner should stop making futile attempts to resurrect it. He is wasting his and the court's time.
>
>If petitioner files another motion for default judgment, entry of judgment, summary judgment, motion for relief from judgment or any other document resembling such motions, the clerk of court will be directed to forward the document to me before docketing it. If I determine that the document includes a challenge to petitioner's conviction or sentence and is not accompanied by an order of the Court of Appeals for the Seventh Circuit permitting the filing, then I will place the document in the file of this case without docketing it and make no response to it.

Case No. 02-cv-96-bbc, dkt. 52.

Miller's current filing -- a complaint rather than a motion -- arguably falls outside the scope of Judge Crabb's order, but it is no less frivolous. Given the many other, fruitless attempts Miller has already undertaken, he should be well aware that he cannot bring a § 1983 claim for wrongful incarceration. Accordingly, the court will now extend the sanction entered against Miller in Case No. 02-cv-96-bbc to any other pleading, motion or other filing, including a similar § 1983 complaint, Miller may file regarding his wrongful conviction or incarceration *or* challenging his current or past conviction or incarceration, unless he attaches proof of the invalidity of his incarceration. Any such filing will be deemed denied after 30 days unless the court orders otherwise. *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).

ORDER

IT IS ORDERED that:

1) This case is DISMISSED with prejudice, all pending motions are moot and the clerk of court is directed to close this file.

2) Plaintiff Craig Lee Miller is sanctioned as follows: any further pleading, motion or other filing, including a similar § 1983 complaint, Miller may file regarding his wrongful conviction or incarceration *or* challenging his current or past conviction or incarceration will be deemed denied after 30 days unless the court orders otherwise or Miller attaches proof of the invalidity of his incarceration.

Entered this 30th day of September, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge